**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ADOLPH R.O. WRIGHT, | |
| Petitioner | CIVIL ACTION NO. 3:26-CV-00650 |
| v. | (MEHALCHICK, J.) |
| JAMES WILBER, *et al.*, | |
| Respondents. | |

**MEMORANDUM**

On March 13, 2026, the court received and docketed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Adolph R.O. Wright ("Wright"). (Doc. 1). The habeas petition challenges ongoing state criminal proceedings in the Court of Common Pleas of Luzerne County, Pennsylvania. The petition has been given preliminary consideration, and for the reasons discussed below, will be dismissed without prejudice because there continues to be an ongoing state court criminal proceeding. See Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. Foll. § 2254.[1]

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Wright states that he has been confined since March 27, 2025 as a pretrial detainee, and seeks relief by challenging the jurisdiction of the state court, asserting a due process

---

[1] Rule 4 states in pertinent part that: "The clerk must promptly forward the petition to a judge ... and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Rule 1(b) permits application of these rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241.

violation, alleging an unlawful seizure, and asserting a violation of the right to a speedy trial. (Doc. 1). Additionally, he alleges that state remedies are inadequate or unavailable. (Doc. 1).

An electronic search of the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/CaseSearch, indicates that the actions Wright is challenging are pending in the Court of Common Pleas of Luzerne County and bears docket number CP-40-MD-0002788-2025 and CP-40-MD-0002787-2025. Wright is currently appearing pro se in these criminal cases, and a Grazier Hearing was held on March 30, 2026. Additionally, Wright has two interlocutory appeals being addressed by the Superior Court of Pennsylvania and bears docket number 47 MDA 2026 and 48 MDA 2026 corresponding with the pending criminal cases. Review of the dockets reveal that he is awaiting trial and his case status is "Awaiting Appellate Court Decision." The last document filed in the dockets of the appeals are orders to show cause as to why the appeal should not be quashed as interlocutory.

II.    **DISCUSSION**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4.

Because Wright is a pretrial detainee, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241. *See Glazewski v. United States*, No. 16-CV-3052, 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) (collecting cases). Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x. 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the

Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted).

Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). However, even if these requirements are met, *Younger* abstention is not appropriate if the federal plaintiff can establish that "(1) the state court proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstance exists. . ." *Lazaridis*, 591 F.3d at 670 n.4.

It is evident from the state court electronic docket sheet and the contents of the habeas petition that Wright is engaged in ongoing criminal proceedings which implicate important state interests. The matter may appear stalled to Wright; however, any stall in the case is due

3

to his pending appeal before the Superior Court. The docket indicates that Wright has not sought relief before the Court of Common Pleas in regards to Pa. Code Rule 600 or his right to a speedy trial. While Wright "may be displeased with the pace of his state-court proceedings, his displeasure does not rise to the level of an extraordinary circumstance requiring adjudication of a [§ 2241] petition." *See Cuevas v. Pennsylvania*, No. 1:19-cv-1733, 2020 WL 1911511, at *3 (M.D. Pa. Apr. 20, 2020). Wright still has the opportunity to raise his speedy trial and other claims during his state trial proceedings and any subsequent appellate proceedings in state court. Accordingly, the § 2241 petition will be dismissed without prejudice to allow Wright to pursue state court remedies.

## III.    CONCLUSION

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus without prejudice and close the case. Because jurists of reason would not find the procedural disposition of this case debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), no certificate of appealability will issue. An appropriate order follows.

Dated: May 22, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

4